any conditions for a retrade. This plaintiff cannot recover under the conditional sales statute (chapter 418, art. 9, p. 539, Laws 1897), because the boat was taken back in August, and his action was commenced upon the 22d of September in the same year before any right of action could accrue under that statute. The plaintiff has made a poor bargain, from which the defendant was willing to release him upon conditions with which the plaintiff would not comply. He has brought this action to rescind the contract because of the defendant's fraud. This he has not proven. He has been allowed to recover, however, because of a contract of rescission, which to my mind is not only without proof, but is clearly disproved by the evidence. I therefore dissent.

———————

(108 App. Div. 215.)

### COLONIAL NAT. BANK OF CLEVELAND, OHIO, v. DUERR et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. BILLS AND NOTES—INDORSEMENTS—NATURE OF CONTRACT.
    The obligation of an indorser of a note is contingent on the failure of the maker to pay at maturity, the due protest of the note, and notice thereof to the indorser.

2. SAME—WHAT LAW GOVERNS NOTES.
    Where a note was dated in Ohio, to be paid in Ohio, and its first inception as a legal contract was its discount in Ohio, it was governed by the Ohio law.

    [Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, §§ 248–251.]

3. SAME—INDORSEMENT—WHAT LAW GOVERNS—ALTERATION.
    Negotiable Instruments Law, Laws 1897, p. 745, c. 612, § 205, provides, when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor. *Held*, that where a note was governed by the law of Ohio, but indorsed in New York, the indorsement was governed by the law of the latter state; and where it was altered thereafter, no consideration having been given for it, and then discounted by a bank in Ohio acting in good faith for value before maturity and without notice, the indorser was liable.

Appeal from Trial Term, New York County.

Action by the Colonial National Bank of Cleveland, Ohio, against H. O. Duerr and others. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant C. A. Brown appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Frederick W. Park, for appellant.
Allan McCulloh, for respondent.

INGRAHAM, J. The action is upon a promissory note; the appellant Brown being an indorser thereof. The note was as follows:

"Cleveland, Ohio, Dec. 31st, 1900.

"$25,000.00.

"One year after date I promise to pay to the order of H. A. Lozier, Sr., twenty-five thousand dollars at the office of the Dime Savings & Banking Co.

Cleveland, Ohio.   Value received, with interest at 8 per cent. per annum after due until paid.

"No. 51.

"Due Dec. 31.                                              H. O. Duerr."

Indorsements:

"Brown & Fleming.

"Mar. 6, 1901, $1,500.00.

"H. A. Lozier."

The evidence is undisputed that this note was taken by the payee to the plaintiff, a banking corporation in Cleveland, Ohio, and discounted by the bank; the proceeds, less interest, being credited to the payee and by him subsequently withdrawn. When due, the note was duly presented for payment, payment refused, and protest duly made. As a defense, the appellant proved that a week or two after he had indorsed the note the maker made a material alteration by adding at the end of the note, as it was when indorsed, the words, "with interest at 8 per cent. per annum after due until paid," and that this clause was added to the note without his knowledge, privity, or consent. There is no allegation in the complaint as to the law of the state of Ohio in relation to an altered negotiable instrument. Upon the trial the defendant, after proving this alteration, called an attorney at law of Cleveland, Ohio, and offered to prove the law of the state of Ohio applying to the alteration of negotiable instruments affecting the note in suit, claiming that the indorsement of Brown & Fleming was an Ohio contract, and that the case should be decided as to Brown under the Ohio law, to which the court replied, "You have not pleaded it and I deny your request," and to that the defendant Brown excepted. At the end of the case, counsel for the defendant Brown moved to dismiss the complaint upon the ground that a material alteration had been proved and that the instrument was avoided thereby. That motion was denied, and the appellant excepted, whereupon, on motion of the plaintiff, the court directed a verdict for the plaintiff, with interest at 6 per cent. from the date that the note became due. There was no request by the defendant to submit any question to the jury, and the only question presented is whether the alteration avoided the note as to the indorser.

I think that the note was an Ohio contract. It was dated in Ohio, was to be paid in Ohio, and its first inception as a legal contract was when it was discounted by the plaintiff in the state of Ohio. The indorsement, however, was made in the state of New York, and the validity of the indorsement depends upon the law of the state of New York, although the validity of the note itself would be determined by the law of the state of Ohio. By the note the maker agreed to pay a sum of money in the state of Ohio; the contract being dated in Ohio. This obligation upon the face of the note is entirely distinct from that assumed by the indorser. Such an obligation is contingent upon the failure of the maker to pay at maturity, the due protest of the note, and notice thereof to the indorser; and his contingent liability must be determined by the law of the place where the indorsement was actually made. Am. & Eng. Encyc. of Law (2d Ed.) vol. 22, p. 1347, and cases cited. When the note was indorsed in this state, the

obligation of the indorser became fixed by the law of this state. Its subsequent alteration in this state did not at all affect the indorser's liability. Section 205 of the negotiable instruments law (chapter 612, p. 745, Laws of 1897) provides that:

"When an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

With this law in force, the appellant having indorsed the note in the state of New York, the maker of the note, with the knowledge and at the request of the payee, made the alteration. That alteration in the note having been made here, whether the note was a valid instrument or whether the alteration made it void was to be determined by the law of this state. It had not at that time been discounted, and the evidence is conclusive that no consideration had been paid for it, and in the hands of the payee there could have been no recovery against either the maker or the indorser. The effect of the alteration must, I think, be determined by the law of the state of New York; and if under the law of this state the note did not become thereby void, certainly it did not become void upon its subsequent discount by the plaintiff in the state of Ohio, where the plaintiff in good faith discounted the note for value before maturity and without notice; but it seems to me clear that, as the note was a valid note under the law of the state of New York, notwithstanding the alteration, the plaintiff, the bona fide holder for value before maturity, was entitled to enforce it.

As this was the only question presented upon the trial, we think the learned trial judge was clearly right, and it follows that the judgment and order appealed from must be affirmed, with costs. All concur.